IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THERESA PORTILLO, 45673-177, | § | |
| Petitioner, | § | |
| | § | 3:14-CV-1743-M |
| v. | § | 3:12-CR-0420-M |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural Background**

On December 18, 2012, Petitioner pled guilty, pursuant to a plea agreement, to embezzlement of funds from a credit union in violation of 18 U.S.C. § 657. On May 10, 2013, the Court sentenced Petitioner to 78 months in prison and ordered her to pay $3,431,000 in restitution. Petitioner did not file a direct appeal.

On May 12, 2014, Petitioner filed the instant § 2255 petition. She argues:

1. The Court erred in failing to credit the amount of forfeited property against the loss amount calculated under USSG § 2B1.1;

2. She is entitled to a lower guideline range based on the amount of forfeited property; and

3. She should not be required to make restitution payments while she is incarcerated.

Page 1

On July 28, 2014, Respondent filed its answer. On August 18, 2014, Petitioner filed a reply. The Court now finds the petition should be denied.

## II. Factual Background

The following factual background is taken from the PSR, factual resume and sentencing transcript.

In late 2012, the FBI initiated an investigation of the Women's Southwestern Federal Credit Union ("WSFCU") in Dallas based on a financial examination that revealed the financial institution was insolvent due to the unrecorded sale of 18 certificates of deposit ("CDs"). Agents discovered that between 2001 through October 20, 2012, Petitioner used her position as CEO of WSFCU to make fraudulent sales in the name of WSFCU to various financial institutions through online brokerage accounts. She completed the fraudulent sales by having the funds wired into a defunct WSFCU bank account over which she had sole and complete access and control. Petitioner also fraudulently established a bank account under the name "Rachel Hanson," and transferred the funds from the fraudulent sales into the Hanson account to further conceal her embezzlement. She also opened a mailbox account at a local UPS branch to receive bank statements from the defunct account to minimize the possibility that her colleagues would discover her embezzlement activities.

The scheme netted Petitioner over $3 million. As a result of Petitioner's activities, WSFCU became insolvent and went into liquidation.

## III. Discussion

**1.    Loss Amount and Sentencing Guideline**

Petitioner claims the Court should have credited the amount of her forfeiture against the

calculated loss amount, which would have lowered her sentencing guideline range.

First, Petitioner signed a plea agreement in which she waived her right to bring any collateral challenge to her conviction or sentence, except a claim that her plea or waiver were involuntary or claims of ineffective assistance of counsel. It is well settled that an informed and voluntary waiver of post-conviction relief under § 2255 "is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Petitioner has not challenged the voluntariness of this waiver.

Additionally, the record shows Petitioner freely and voluntarily entered her guilty plea and waiver. Petitioner stated she understood the charges against her, she committed each essential element of the offense, and she understood the range of punishment. (Sent. Tr. at 14-15, 24.) She stated she read the plea agreement and supplemental plea agreement, that she discussed them with her attorney and that she understood the agreements. (*Id*. at 17, 20 -24.) She agreed she read and understood the waivers contained in the plea agreement and that she freely and voluntarily signed the plea agreement and supplemental plea agreement. (*Id*. at 22.) She stated she read and understood the factual resume, and she admitted the factual resume was true and correct. (*Id*. at 25-26.) Petitioner stated no one coerced her to plead guilty and that she was pleading guilty freely and voluntarily. (*Id*. at 22-24.) The Court finds Petitioner knowingly and voluntarily entered her guilty plea and that her claims are therefore waived by the terms of her plea agreement.

Further, Petitioner's claims are without merit. Under § 2B1.1 of the Sentencing Guidelines, the offense level is increased based on the amount of loss, i.e., as the loss amount increases, the offense level increases. Petitioner claims the loss amount should be reduced by the

amount forfeited.

While the amount forfeited can reduce Petitioner's amount of restitution, it will not reduce her guideline level. Under § 2B1.1, the loss amount is the greater of the actual loss, or the intended loss. USSG § 2B1.1 cmt. n.3. The loss amount is offset by the amount a defendant returns to the victim before the offense was detected. *Id*. As stated in *United States v. Dowl*, 619 F.3d 494 (5th Cir. 2010):

> The Guidelines use loss as a proxy for the seriousness of the fraud. An offense is generally less serious if the defendant "transfers something of value to the victim(s)." But that "something of value" must be transferred before the fraud is detected. Otherwise, as the Sentencing Commission noted, "it would be inappropriate to credit the defendant" with the value of the transferred assets.

*Id*. at 503. In this case, Petitioner has failed to show she returned any assets to the victim prior to detection of the offense. Petitioner's claims regarding the loss amount and guideline range should therefore be denied.

**2.      Restitution Payments**

Petitioner states the BOP is currently collecting restitution payments from her. She requests that these payments be deferred until after she completes her prison time because she does not make enough money from her prison job to cover the payments.

A claim challenging restitution is not cognizable under § 2255 since it does not challenge a petitioner's custody. *See United States v. Hatten*, 167 F.3d 884, 887 n.5 (5th Cir. 1999) and *United States v. Segler*, 37 F.3d 1131, 1135 (5th Cir. 1994). Petitioner's claim should therefore be denied.

Additionally, the Court's judgment provides several payment options that include both immediate commencement of payment and payments in monthly installments to begin 60 days

after release from confinement.  It appears Petitioner may be challenging the BOP's payment schedule, but she has not shown that she has exhausted her administrative remedies, and she has improperly brought the claim under § 2255.  *See United States v. Diggs*, 578 F.3d 318, 320 (5th Cir. 2009) ("[C]hallenges to BOP programs must be brought under § 2241 after all administrative remedies have been exhausted.").  Petitioner's claim should be denied.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 28th day of April, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).